UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case No. 1:16-cr-20677-15

v.                                          Honorable Thomas L. Ludington
                                                   United States District Judge

CALVIN EARL MCREYNOLDS JR.,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND**

On October 6, 2017, a jury found Defendant Calvin Earl McReynolds Jr. guilty of conspiracy to distribute and to possess with intent to distribute less than 100 grams of heroin and less than 500 grams of cocaine, 21 U.S.C. §§ 841(a)(1), 846. ECF No. 478. On June 7, 2018, Defendant was sentenced to 151 months' imprisonment, followed by 6 years of supervised release. ECF No. 540. On appeal, Defendant's conviction was affirmed, his sentence was vacated, and the case was remanded for a new sentencing. *United States v. McReynolds*, 964 F.3d 555, 570 (6th Cir. 2020). On May 13, 2021, Defendant was sentenced to 145 months' imprisonment, followed by 6 years of supervised release. ECF No. 788. He appealed again, ECF Nos. 793, and the Sixth Circuit held oral argument on February 9, 2023, *United States v. McReynolds*, No. 21-1521 (6th Cir. Feb. 9, 2023), ECF No. 43.

Now before this Court is Defendant's Motion for Bond Pending Appeal, ECF No. 890, which the Government opposes, ECF No. 893. As explained hereafter, the Motion will be denied.

Federal district courts must order the detention, pending appeal, of a person who was found guilty and sentenced to a term of imprisonment, with few exceptions. *United States v. Garnett*, No. 2:05-CR-20002-3, 2008 WL 2796098, at *1 (E.D. Mich. July 18, 2008) (citing 18 U.S.C.

§ 3143(b)); *see also United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir.2002) ("The Bail Reform Act, 18 U.S.C. § 3143(b), creates a presumption against release pending appeal." (citing *United States v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988)).

Such a defendant may not be released unless the court finds (1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C § 3143(b)(1).

Defendant poses a danger to the safety of any other person or the community if released. Regardless of the merits regarding the technicalities of his sentence, a jury found Defendant guilty of drug trafficking. In addition to the jarring details of Defendant's instant offense, which need no renewed discussion here, his criminal history is significant. He was convicted of a drug crime at the tender age of 15. PSR ¶¶ 60–61. During Defendant's next 13 years, he was in and out of jail for drug-trafficking and firearms crimes, as well as driving with a suspended license and malicious destruction of government property. *Id.* at ¶¶ 62–71. All in all, he has not lived more than two consistent years of his life since his eighteenth birthday without being in custody or on parole, and this case resulted in his *fourth* felony conviction. *See id.* "Simply put, Defendant is a career drug trafficker." *United States v. Morgan*, No. 1:09-CR-20254, 2023 WL 2072084, at *5 (E.D. Mich. Feb. 17, 2023). "Society as a whole is the victim when illegal drugs are being distributed in its communities." *United States v. Green*, 532 F.3d 538, 549 (6th Cir. 2008).

- 3 -

Further, Defendant has not demonstrated that his case is exceptional or that his appeal raises a substantial question sufficient to overcome the presumption against release pending appeal. *See generally* ECF No. 890. And his self-serving speculation of receiving a lighter sentence at the low end of the Guidelines carries no weight up his mountainous burden.

In the interest of ensuring Defendant's presence and safety and the safety of others, Defendant's Motion for Bond will be denied.

Accordingly, it is **ORDERED** that Defendant's Motion for Bond Pending Appeal, ECF No. 890, is **DENIED**.

Dated: May 4, 2023               s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge